[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative or record appeal from a decision by the Connecticut Commission on Human Rights and Opportunities (CHRO). The plaintiff claims that the Wilton Board of Education denied her a full time teaching position because of her age, and thus violated General Statutes 46a-60 (a)(1) which prohibits an employer from refusing to hire or employ a person because of, among other things, age.
The CHRO rejected the plaintiff's claim (CHRO #8920053) and this appeal followed pursuant to General Statutes 46a-94a and 4-183, our Uniform Administrative Procedures Act.
Several motions are pending at this time, arising from scheduling orders that were entered at the administrative appeals calendar held on May 31, 1990, at which time an order was entered that plaintiff's brief was to be filed by June 28, 1990. The case appeared on a subsequent administrative appeals calendar held on July 18, 1990, at which time the defendants moved that the appeal be dismissed on account of the plaintiff's failure to file her brief in a timely fashion, which motion was granted.
Before the court at this time is the plaintiff's motion (#168) to reopen and vacate this dismissal because of an alleged lack of notice CT Page 3863 of these two calendar calls. The plaintiff has submitted her own affidavit plus affidavits of Attorney Irving Slifkin and her husband, James P. McGovern, an attorney admitted in New York, whose application to appear as counsel on behalf of the plaintiff pro hoc vice was granted by this court. These affidavits appear to indicate that the clerk's computer failed to record the appearances of Messrs. Slifkin and McGovern and therefore that adequate notice of the two calendar calls in question was not received.
Therefore, the order dismissing the plaintiff's case is vacated and the appeal is reinstated on the active administrative appeals calendar.
Accordingly, a new scheduling order is hereby entered as follows: plaintiff's brief will be due not later than January 4, 1991 and the defendant's briefs will be due February 8, 1991. Failure to file briefs by these dates will constitute grounds for nonsuit or dismissal as the case may be.
The plaintiff has filed a motion (#156) to the effect that she should not be required to file a brief until a hearing is held on her allegation that counsel for the several defendants had ex parte communications with — the CHRO.
This motion for an extension of time to file a brief is denied, as is the request for a hearing relative to the underlying claim. Plaintiff's motion regarding the alleged ex parte communications is in effect a request to introduce evidence outside of the record, and this request should be addressed to the trial judge to whom this case will eventually be assigned as soon as all the briefs have been filed. In other words, our procedure on record or administrative appeals is to assign the case to a judge after the briefs are in, and all motions should then be addressed to that judge when the case is called in for a hearing. If that trial judge grants a motion to introduce evidence outside of the record, such evidence will be permitted and supplementary briefs relating thereto can be filed.
Since the briefs have not been filed and therefore the case has not been assigned to a judge, plaintiff's motion seeking a "hearing" at this point is premature and is therefore denied without prejudice to renew the same before the trial judge.
SO ORDERED.
Dated at Stamford, Connecticut this twenty-eighth day of November, 1990.
LEWIS, J.